Judge Robart

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. CR04-549 JLR |
| Plaintiff, ) | |
| v. ) | ORDER CONTINUING |
| ) | TRIAL DATE |
| MAJOR SINGH DHANOA, ) | |
| RASHPAL SINGH SANDHU, ) | |
| Defendants. ) | |

This matter having come before the undersigned Court through by oral motion of counsel, Peter Offenbecher, for defendant Major Singh Dhanoa, Michael Filipovic, for defendant Rashpal Singh Sandhu, and the United States of America, through Ye-Ting Woo, Assistant United States Attorney the United States Attorney for the Western District of Washington, on February 21, 2006; the Court being fully advised in the matter, having heard the position and reasons for a trial continuance by defense counsel on behalf of their clients, and having considered the files and records herein, now finds that,

Trial is scheduled for March 28, 2006.  The defendants are waiving their speedy trial rights until April 24, 2006, which is beyond the new trial date of April 18, 2006.  The motion to continue the trial date is based on the following reasons:

ORDER CONTINUING TRIAL/DHANOA AND SANDHU - 1
CR04-549 JLR

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1. This Court has granted defendant Dhanoa's motion for foreign depositions (trial preservation) of defense witnesses, Gulwinder Tatla and Shalwinder Dhaliwal, both of whom are located in Canada. Parties are making diligent efforts to make arrangements to conduct the foreign depositions and need additional time to prepare for and conduct the depositions.

2. The defendants have filed numerous pre-trial motions. The Court has yet to determine the merits of the motions and whether an evidentiary hearing and oral argument are necessary. The pre-trial motions include motions for severance, which are opposed by the government, however, if granted, will affect the manner in which the trial proceeds. A short continuance of the trial date will allow the Court and the parties an opportunity to make any necessary changes to the trial procedure.

3. A short trial continuance will allow the parties to complete discovery and resolve, as much as possible, pre-trial issues, as well as provide the defendants with additional time to prepare their defenses. Defendant Sandhu's attorney, Michael Filipovic, has advised the Court that he is prepared to proceed to trial on or after March 28, 2006, but does not object to a short continuance.

4. Defendants Major Singh Dhanoa and Rashpal Singh Sandhu are both out of custody, on bond, pending trial. Their liberty interests are less affected by this continuance. They have each advised their counsel that they agree with the continuance.

5. All counsel have been diligent in addressing this matter but all parties believe that this continuance is proper.

6. The continuances are necessary to ensure effective representation and continuity of counsel for the remaining defendants.

7. Speedy trial time between the Court's prior Order continuing trial date and the current trial date of March 28, 2006, has been excluded from the calculation of speedy trial.

ORDER CONTINUING TRIAL/DHANOA AND SANDHU - 2
CR04-549 JLR

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  The Court is aware that time limitations for trial and speedy trial concerns are set forth in Title 18, United States Code, Section 3161.

Section 3161(h) outlines the periods of excludable time, including:

> (8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

In this matter, the Court finds that further time is reasonable and necessary and that the requested time is within the speedy trial time period.  Failure to grant a continuance of the trial date would likely result in a miscarriage of justice.  The interests of the public and the defendants in a speedy trial in this case are outweighed by the ends of justice.

NOW, therefore, the trial date is continued from March 28, 2006 until April 18, 2006, and the time between this date and the new trial date be excluded pursuant to the provisions of Title 18, United States Code, Sections 3161(h)(8)(A) as to each defendant.

Dated this 2nd day of March, 2006.

s/James L. Robart
_____
THE HONORABLE JAMES L. ROBART
United States District Court Judge

Presented by:
/s/
_____
Ye-Ting Woo, Assistant United States Attorney
Bar No. 21208
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone:  206-553-2268, Fax:  206-553-4440
Email:  Ye-Ting.Woo@usdoj.gov

ORDER CONTINUING TRIAL/DHANOA AND SANDHU - 3
CR04-549 JLR

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970